IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMERICAN POWER PULL CORP.,

                 Plaintiff,                  Case No. 3:13 CV 2539

-vs-

                                                MEMORANDUM OPINION

UNITED STATES OF AMERICA,

                 Defendant.

KATZ, J.

      This matter is currently before the Court on Plaintiff American Power Pull's motion for a Temporary Restraining Order, which seeks to bar U.S. Customs and Border Protection's ("CBP") collection of import duties and application of sanctions. Also pending is Defendant United States' motion to dismiss. For the reasons that follow, Defendant's motion to dismiss is granted and Plaintiff's motion for a TRO is denied.

**I. Background**

      Plaintiff is in the business of manufacturing, importing and selling pulls, chain products, hand trucks and transport accessories. As part of its business, Plaintiff imported shipments of hand trucks into ports at Detroit and Cleveland during May and June of 2006. Upon import, and under an antidumping duty order issued pursuant to Commerce Department statutes and regulations, CBP imposed an antidumping duty of 26.49% on each of Plaintiff's shipments. *See* Notice of Antidumping Duty Order: Hand Trucks and Certain Parts Thereof From The People's Republic of China, 69 Fed. Reg. 70122 (Dec. 2, 2004) (antidumping duty order); 19 U.S.C. § 1673 *et seq*. (antidumping statute); 19 C.F.R. §351.212 (assessment of antidumping duties).[1] After a change to

---

[1] Antidumping duties are imposed where CBP determines that imported foreign merchandise is being
                                                                                  (continued...)

the duty rate, after a Court of International Trade ("CIT") challenge brought by the hand truck manufacturer, and after multiple CIT and Federal Circuit opinions, CBP issued a final duty rate of 145.90%. That rate was sustained by the CIT. *See Qingdao Taifa Group Co. v. United States*, 780 F. Supp. 2d 1342 (2011) (sustaining CBP's 145.90% duty rate and outlining litigation history of the matter).

In August 2012, more than six years after Plaintiff paid the initial 26.49% duty rate, CBP invoiced Plaintiff for the additional amounts to satisfy the 145.90% rate. Plaintiff has not paid the additional amounts, and CBP in-turn has placed Plaintiff's name on a national sanctions list, thereby preventing Plaintiff from clearing additional imports and causing Plaintiff's customs bond holder to demand an irrevocable letter of credit. Plaintiff has administratively challenged CBP's actions to no avail.

Plaintiff subsequently brought the instant suit to challenge CBP's application of increased duty rates, and also to challenge the constitutionality of CBP regulations that require prospective litigants to pay all duties prior to filing a lawsuit. As part of its lawsuit, Plaintiff filed the instant TRO asking this Court to restrain CBP from applying sanctions and collecting invoices for the 145.90% rate. Defendant opposed the motion and also filed a motion to dismiss for, *inter alia*, lack of subject matter jurisdiction. Defendant's motion argues that the CIT has exclusive jurisdiction to adjudicate Plaintiff's claims.

**III. Motion to Dismiss Standard**

Generally, a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction falls into one of two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d

---

[1](...continued)
sold in the United States at prices that materially injure or retard a U.S. industry. 19 U.S.C. § 1673.

592, 598 (6th Cir. 1994) *cert. denied*, 513 U.S. 868 (1994); *see also Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F. Supp. 2d 931, 934 (N.D. Ohio 2005). A facial attack challenges the sufficiency of the pleading itself and requires the Court to take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala,* 978 F. Supp. 735, 739 (N.D. Ohio 1997), and requires a court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Thus, whereas a facial attack requires the Court to accept Plaintiff's allegations as true, a factual attack precludes any assumption of truthfulness and allows the Court to weigh the evidence.

Here, the Court need only undertake a facial analysis to dispose of the matter.

**IV. Discussion**

Plaintiff claims CBP's imposition of the 145.90% duty rate was violative of applicable regulations. Despite Plaintiff's claims, this Court lacks subject matter jurisdiction to adjudicate the matter. As explained in 28 U.S.C. § 1581, "[the CIT] shall have exclusive jurisdiction of any civil action . . . that arises out of any law of the United States providing for . . . duties . . . ." 28 U.S.C.§ 1581(i), § 1581(i)(2). Further, to the extent Plaintiff is challenging CBP's unfavorable adjudication of its administrative protests, 28 U.S.C. § 1581(a) explains that "[the CIT] shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." This Court therefore lacks subject matter jurisdiction to adjudicate these claims.

As to Plaintiff's claim that mandatory payment of duties prior to filing a lawsuit constitutes unconstitutional deprivation of property without due process, the CIT again holds exclusive jurisdiction.  The CIT's case in *International Custom Prods., Inc. v. United States*, 931 F. Supp. 2d 1338 (Ct. Int'l Trade 2013), is instructive.  The plaintiff in that case challenged the CIT's jurisdictional authority to adjudicate the claim that prepayment of duties amounts to an unconstitutional deprivation of the plaintiff's *First Amendment* right to petition the government through the courts.  *Id*. at 1342-43.  The CIT, however, found that such a constitutional challenge was in fact a civil action arising out of United States laws that provide for duties, and therefore was within the CIT's exclusive jurisdiction pursuant to 28 U.S.C. § 1581(i).  *International Custom Prods.*, 931 F. Supp. 2d at 1342-43.  Similarly, while Plaintiff premises its constitutional challenge in this case on the *Fifth Amendment* rather than the *First*, the challenge is one "that arises out of [a] law of the United States providing for . . . duties . . . ."  28 U.S.C. § 1581(i).  Such challenges are within the exclusive jurisdiction of the CIT, *id.*; *International Custom Prods.*, 931 F. Supp. 2d at 1343, and this Court therefore lacks subject matter jurisdiction.

### III.  Conclusion

For the reasons stated herein, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted, (Doc. 10), and Plaintiff's motion for a TRO is denied.  (Doc. 5; Doc. 7).  Case closed.

IT IS SO ORDERED.

   s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE